### In re PULVER'S ESTATE.

(Surrogate's Court, New York County. August 1, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 17*)—RIGHT TO ADMINISTRATION—RESIDENT ALIEN.

Under Code Civ. Proc. § 2660, providing that administration may be granted to the persons entitled to take or share in the personal property who are competent "in the following order: * * * 5. To the brothers" —a resident alien brother of the deceased was entitled to letters of administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43–59; Dec. Dig. § 17.*]

In the matter of the estate of Bettie Pulver. Letters of administration granted to the resident alien brother of deceased.

Jacob J. Alexander, of New York City, for petitioner.
Frank W. Arnold, of New York City, for public administrator.

FOWLER, S. The late decision of the Court of Appeals in Matter of Carmine D'Adamo (July 14, 1914), 106 N. E. 81, is decisive of this application for letters of administration. Before the rendition of that very notable and instructive decision there was much conflict in the decisions of the other courts of this state over the better right to the administration of estates. The decision of the Court of Appeals places a construction upon section 2660, C. C. P., which is certainly now binding in this jurisdiction on all inferior courts. In this court it ends for the present all discussion. The decision referred to also determines what may present a federal question, still open to review in the federal forum. It may ultimately be held in that forum that a treaty between the United States and a foreign state concerning a course of administration of aliens' estates overrides all state laws, as such a decision would seem essential to the efficient existence and sovereignty of the federal government if it would avoid great embarrassment in the future. It would then be open to a foreign state to regulate by treaty the right of administration of the property of its subjects in this jurisdiction, even though such treaty were not regarded within a particular state as consistent with the reserved rights and jurisdiction of a particular state government. The extension of commerce, the great numbers of

aliens resident in the United States, and the mobility of labor at the present time may make such treaties expedient, not only for the general government of the United States, but for foreign states having extensive external relations.

In determining consular rights to letters of administration under foreign treaties with the United States I have always regarded it as incumbent on a state judge, at least of a court of first instance, to give the fullest authenticity and effect to consular rights growing from treaties entered into by the federal authority, and this irrespective of conflicting contentions for state rights and laws. I have never concerned myself in such adjudications with the consideration of limitations on the federal power to make such treaties, nor have I ventured to question the right or power of the general government to regulate by treaty the succession to property of aliens in any part of the United States. I would not for a moment venture to base an interpretation of such treaties on my own assumptions of their consistency with the claims or dignity of this particular state, for in my opinion such considerations have no place in this court, even if they are consistent with the canons of an efficient constitutional law in an orderly and great federal government, which I venture to doubt. I can see no good end to be subserved by those decisions of state courts which tend to embarrass the national authority in their intercourse with foreign powers. In other matters a state court may be compelled to pass on the conflict of claims between the state and the federal authority, in order that justice may be administered to our own private citizens. But in matters which grow out of the foreign relations of the general government I can detect no propriety in a state court proceeding beyond the letter of the treaty.

Treaties are by the best and most modern canons of international law to be most liberally interpreted according to the intention of the parties, and that inquiry, it has been said by great publicists, "is not to be shackled by any rule which may exist in a particular national jurisprudence." A fortiori this is true of any rule of a state of the federal Union. Such has been the theory upon which this court has hitherto approached consular rights to administration arising under treaties of the general government with foreign powers. This theory has been often approved here and elsewhere by the courts of some of the states of the Union. Foreign consuls necessarily appear more frequently in this court than in any other court of a state. In my judgment no state law can limit even by construction the right of the general government to regulate by treaty with foreign powers the succession to the property of aliens in any part of the United States, state or federal. But when the highest court of this state has seen fit to place any limitation on the treaties of the United States with foreign governments it is clearly my first duty to have no further opinion on that point and to follow the construction laid down, no matter where it lead. The right of the alien brother residing here to letters of administration is clear under the last decision of the Court of Appeals.

Decree accordingly.